```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
DANIEL O. KOSHY                   :       CIVIL ACTION
                                  :
       v.                         :
                                  :
OHIO NATIONAL LIFE INSURANCE      :
COMPANY                           :       NO. 08-cv-03319-JF
                                  :
```

<u>MEMORANDUM</u>

Fullam, Sr. J.                                           May 12, 2009

In this insurance coverage dispute, the parties agree that the correct name of the defendant is "Ohio National Life Insurance Company."  The caption will be amended to reflect this correction.

Plaintiff purchased a disability insurance policy from the defendant, which provided benefits for two years if plaintiff were disabled from performing the substantial duties of his regular employment, and thereafter if the plaintiff were totally disabled and unable to perform the duties of any employment for which he is suited by education and experience.

Plaintiff is the owner-manager of a 7-Eleven store.  He experienced a fall, in which various bones of his lower leg and ankle were fractured.  He applied for, and received, disability benefits under the policy for an initial period of about six months, but the defendant asserts that he was not disabled, under the terms of the policy, for later periods.  The defendant has filed a motion for summary judgment.

Everyone agrees that Pennsylvania law is applicable. In a case remarkably similar to the facts of this case, the Pennsylvania Supreme Court has ruled that whether or not a claimant is disabled within the meaning of an insurance policy is an issue of fact, to be decided by a jury. <u>Cobosco v. Life Assurance Co. of Pennsylvania</u>, 419 Pa. 158, 213 A.2d 369, 23 A.L.R.3d 763 (1965). Thus, with respect to the merits of plaintiff's claims for benefits, summary judgment must be denied.

Plaintiff does, however, concede that he does not have sufficient evidence to support his claim of bad faith on the part of the defendant. Count IV of the Complaint will therefore be dismissed.

Plaintiff has also included a claim for declaratory relief, with respect to future disability payments. Inasmuch as, under the terms of the policy, plaintiff would be entitled to disability benefits only during such period that he is actually disabled, it seems reasonably clear that no valid ruling can be made as to post-trial periods. Indeed, there is authority in Pennsylvania for the proposition that, in claiming that the defendant breached the insurance policy by terminating his disability payments, plaintiff is limited to the period before suit was filed. <u>Summers v. Prudential Ins. Co.</u>, 319 Pa. 270 (1935). In my view, however, as a matter of federal procedural law, plaintiff should be permitted to attempt to prove continuing

disability to and including the time of trial, unless the parties agree to limit the dispute to some briefer period.

An Order in conformity with the foregoing views will therefore be entered.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.